# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4692 | **DATE** | 8/28/2003 |
| **CASE TITLE** | U.S. Bank National Association vs. EMC-Lincolnshire, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: EMC-Lincolnshire's Motion to Dismiss is DENIED, but its Motion to Stay is GRANTED. This action is STAYED pending final resolution of the parallel state action currently pending in Illinois state court in the 19th Judicial Circuit in Lake County under the caption U.S. Bank Nat'l Assoc. v. EMC-Lincolnshire, LLC, case number 02-CH-1813.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | AUG 2 9 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | | 14 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| WAP | courtroom deputy's initials | | 03 AUG 28 PM 4:01 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 2 8 2003
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

U.S. BANK NATIONAL
ASSOCIATION,

        Plaintiff,

v.

EMC-LINCOLNSHIRE, LLC,

        Defendant.

Case No. 03 C 4692

Hon. Harry D. Leinenweber

DOCKETED
AUG 2 9 2003

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant EMC-Lincolnshire, LLC's ("EMC") motion seeking dismissal or, alternatively, a stay of this action. For the reasons stated below, the Motion to Dismiss is denied, but the Motion to Stay is granted.

### I. BACKGROUND

On January 2, 2001, Plaintiff U.S. Bank National Association ("U.S. Bank") made two loans to EMC – the first for $2,162,000, the second for $725,000 (later increased to $915,000) – each evidenced by a promissory note (the "Promissory Notes"). Each Promissory Note was secured by a separate mortgage (the "Mortgages"), as well as certain collateral listed in a Commercial Security Agreement (the "CSA") consisting of (i) all furniture, fixtures, inventory, machinery and equipment identified on Exhibit B of the CSA and (ii) all building materials and fixtures, parts and appliances located or placed in, upon or adjacent to the real property identified in

Exhibit C of the CSA (collectively, "Collateral"). Under the terms of each Promissory Note, EMC's failure to make any payment when due would be considered an event of default, which in turn would trigger U.S. Bank's right to, among other things, declare all outstanding principal and accrued but unpaid interest due and payable, and to take possession of and/or sell the Collateral.

In August 2002, EMC failed to make a payment when due on the second loan; in September 2002, EMC failed to make a payment when due on the first loan. Since then, EMC has not made any installment payments on either loan. At some point after September 2002, U.S. Bank declared the Promissory Notes in default. On October 30, 2002, U.S. Bank initiated a lawsuit in Illinois state court (the "State Action") against EMC, its guarantors, and certain other parties with a claimed interest in the real property covered by the Mortgages, including Aspen Grille-Lincolnshire, LLC ("Aspen Grille"), seeking foreclosure on the real property and a money judgment against EMC and its guarantors. U.S. Bank's complaint in the State Action did not specifically reference the Collateral or seek relief against it. On January 3, 2003, Aspen Grille filed a counterclaim against U.S. Bank and EMC.

The State Action is currently pending, with a trial date set for August 27, 2003. Several substantive motions have been filed thus far in the State Action, including U.S. Bank's January 22, 2003 Motion for Summary Judgment. EMC filed a Motion to Strike the

Motion for Summary Judgment, which the state court granted on April 9, 2003, holding that California law applied to U.S. Bank's claims. On April 23, 2003, U.S. Bank filed an Amended Motion for Summary Judgment. On May 16, 2003, EMC filed a Cross-Motion for Summary Judgment based on certain defenses under California foreclosure law. On June 29, Aspen Grille filed its own Motion for Summary Judgment, seeking the resolution of certain priority of claims issues and foreclosure.

On July 7, 2003, U.S. Bank initiated suit in this Court (the "Federal Action") seeking (i) an injunction prohibiting EMC from using the Collateral and (ii) replevin of the Collateral. In response, EMC filed the present Motion seeking dismissal or, alternatively, a stay of this action.

## II. DISCUSSION

### A. Motion to Dismiss

In requesting a dismissal, EMC invokes 735 ILCS § 5/2-619(a)(3), a statute that provides for involuntary dismissal of a suit under certain circumstances. In pertinent part, that statute states that a "Defendant may, within the time for pleading, file a motion for dismissal of the action . . . [upon the ground that] there is another action pending between the same parties for the same cause." 735 ILCS § 5/2-619(a)(3). EMC contends that dismissal is appropriate because the Federal Action is between the same parties and concerns the same cause as the State Action.

(Mot. at 5.) U.S. Bank responds that California law, rather than Illinois law, applies to this case by virtue of the choice-of-law clauses contained in the Promissory Notes, the CSA and the Mortgages. (Resp. at 2.) U.S. Bank further argues that, even if Illinois substantive law applied here, the criteria of § 2-619(a)(3) have not been satisfied.

In a federal diversity action such as this one, the Court must apply the substantive law of the state in which it sits, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001), including that state's choice-of-law rules; *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 n.7 (7th Cir. 2002). EMC argues that § 2-619(a)(3) is substantive and should be applied here. As to whether § 2-619(a)(3) should be applied, EMC is mistaken.

Although "[c]onsiderable debate exists among the courts in this district as to whether § 2-619(a)(3) is substantive or procedural," *AXA Corp. Solutions v. Underwriters Reinsurance Co.*, 02 C 3016, 2002 WL 31260009, at *9 (N.D. Ill. Oct. 9, 2002), the Court need not reach that question, as Illinois substantive law does not govern this dispute. Rather, the parties have expressly agreed to the application of California law in the Promissory Notes ("This Note shall be governed by and construed in accordance with the laws of the State of California." (Promissory Notes at 2)), the

CSA ("This Agreement shall be governed by and construed in accordance with the laws of the State of California." (CSA at 4)), and the Mortgages ("[T]his Mortgage shall be governed by, construed and enforced in accordance with the laws of the State of California, except and only to the extent of procedural matters related to the perfection and enforcement by [U.S. Bank] of its rights and remedies against the Property, which matter shall be governed by the laws of the State of Illinois." (Mortgages at 8)). Illinois state courts will respect and enforce a choice-of-law clause so long as the law chosen is not "dangerous, inconvenient, immoral, [ ]or contrary to the public policy of Illinois." *Vencor, Inc. v. Webb*, 33 F.3d 840, 844 (7th Cir. 1994)(internal quotation marks omitted). EMC does not contend that the choice-of-law clause in this case would transgress Illinois public policy, and the Court itself discerns no basis for such a claim. Accordingly, the Motion to Dismiss pursuant to 735 ILCS § 5/2-619(a)(3) is denied.

As a final point, the Court notes that EMC raised in its reply brief for the first time certain arguments that California state law might also prohibit maintenance of concurrent lawsuits. Because those arguments were raised for the first time in reply, they are deemed waived and were not considered by the Court. *James v. Sheahan*, 37 F.3d 1003, 1008 (7th Cir.1998)("Arguments raised for the first time in a reply brief are waived.").

## B. Motion to Stay

In the alternative, EMC, invoking the abstention doctrine articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), requests an order staying the instant action pending final resolution of the State Action. EMC claims that the actions are parallel, in that they involve the same parties and the same essential issues, and that an application of the factors set forth in *Colorado River* should result in a stay. (Mot. at 4.) Echoing its response to the Motion to Dismiss, U.S. Bank counters that the two actions are not parallel in that (i) many additional parties are joined in the State Action, and (ii) "the two cases seek very different relief" (Resp. at 10), *i.e.*, the State Action seeks a money judgment and foreclosure of certain real estate, whereas the Federal Action seeks replevin of, and an injunction covering, the Collateral (which is made up of personal property). U.S. Bank also argues that under an application of the *Colorado River* factors, abstention would be inappropriate in any event. (Resp. at 13-15.)

Generally, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282 (1910). Indeed, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress. *Colorado River*, 424 U.S. at 817. The primary duty of

the district court is to exercise the jurisdiction vested in it by law; "the presumption is against abstention." *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 10 F.3d 425, 430 (7th Cir. 1993); *see Colorado River*, 424 U.S. at 819-20 ("[O]nly the clearest of justifications will warrant dismissal" of federal action in deference to concurrent state court proceeding.); *In re Chicago, Milwaukee, St. Paul & Pac. R.R.*, 6 F.3d 1184, 1189 (7th Cir. 1998); *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 549-50 (7th Cir. 1997). "The many factors to be considered in deciding whether to postpone exercising jurisdiction make the decision, in the last analysis, a matter committed to the court's discretion." *Microsoftware Computer Sys., Inc. v. Ontel Corp.*, 686 F.2d 531, 537 (7th Cir. 1982), *overruled on other grounds, Gulf Stream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988). However, "[i]f there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001).

All that said, in "exceptional circumstances" a federal court may abstain from hearing a suit and await the outcome of parallel proceedings as a matter of "wise judicial administration."

*Colorado River*, 424 U.S. at 813, 817; *see Admin. Comm. v. Gauf*, 188 F.3d 767, 772 (7th Cir. 1999); *Sverdrup Corp.*, 125 F.3d at 549. When applied under appropriate conditions, this abstention technique conserves judicial resources by allowing a suit to be comprehensively resolved in a single forum. *Sverdrup Corp.*, 125 F.3d at 549; *see Colorado River*, 424 U.S. at 817 ("[T]he general principle is to avoid duplicative litigation.").

Determining the propriety of abstention under the *Colorado River* doctrine involves a two-step inquiry. The first step asks whether the federal and non-federal proceedings are parallel. *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999); *AAR Int'l, Inc.*, 250 F.3d at 518. This step is a threshold step; if the actions are not parallel, the *Colorado River* doctrine does not apply and the inquiry comes to an end. *See Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1998); *J.I.K. Realty Co., Inc. v. Steward*, 87 C 2839, 1989 WL 165114, at *4 (N.D. Ill. Dec. 28, 1989). The second step, if it is reached, involves balancing a host of judicially prescribed factors. The Court will discuss each step in turn.

### 1. Parallel Proceedings

Suits are parallel if "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Calvert Fire Ins. Co. v. Am. Mut. Reins. Co.*, 600

F.2d 1228, 1229 n.1 (7th Cir. 1979). Suits need not be substantively identical in all their particulars to be found parallel. *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700, 701 (7th Cir. 1992)(cases "substantially the same" despite additional claim in federal court because they litigate the same "basic issue"); *see Rossi Distributors, Inc. v. Lavazza Premium Coffees Corp.*, 01 C 9271, 2002 WL 1611575, at *2 (N.D. Ill July 17, 2002); *Spizziri v. Mortgage Elec. Registration Sys., Inc.*, 03 C 2000, 2003 WL 21640468, at *2 (N.D. Ill. July 11, 2003)(cases parallel despite presence of additional federal claim in federal suit). The presence of additional issues will not necessarily stave off abstention – ultimately, the question is not whether the suits are formally symmetrical, but whether there is a "substantial likelihood" that the non-federal litigation "will dispose of all claims presented in the federal case." *Day v. Union Mines, Inc.*, 862 F.2d 652, 656 (7th Cir. 1988)(internal quotation marks omitted); *see Arizona v. San Carlos Apache Tribe*, 463 U.S 545, 567 (1984); *In re Chicago Flood Litig.*, 819 F.Supp. 762, 764 (N.D. Ill. 1993)(To determine if cases are parallel, court must ask "whether the parties may be bound by the result in the state litigation under principles of collateral estoppel or issue preclusion.").

Under these standards, it is clear that U.S. Bank's Federal Action is parallel to its State Action. U.S. Bank and EMC are the

only parties to the Federal Action and are, of course, also parties to the State Action. Although there are some nine additional defendants in the State Action, this "does not affect our determination," since staying the Federal Action would not risk excluding any parties from the litigation. *Jacobson v. City of Chicago,* 233 F.Supp.2d 1001, 1007 (N.D. Ill. 2002); *see AAR Int'l, Inc.,* 250 F.3d at 518 (The "mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel."); *cf. Admin Comm. v. Gauf,* 188 F.3d at 772.

Moreover, despite U.S. Bank's strenuous assertions to the contrary, the two actions will require litigation of substantially the same issues. In each action, U.S. Bank is making an identical breach-of-contract claim, namely, that EMC has committed an event of default under the terms of the Promissory Notes by not making required payments. True, U.S. Bank seeks different *remedies* in each action for the alleged breach - a money judgment and foreclosure of real property in the State Action, and replevin of, and an injunction covering, the Collateral in the Federal Action - but the essential legal issues that would give rise to either remedy are identical. Indeed, if the State Action results in an adjudication that EMC has not breached the Promissory Notes, or that the Promissory Notes are otherwise unenforceable, the Federal

- 10 -

Action will be moot. *Cf. Caminiti and Iatarola, Ltd.*, 962 F.2d at 701.

### 2. *Colorado River* Factors

In the second step of the *Colorado River* analysis, the Court must consider an array of different factors to determine whether the requisite "exceptional circumstances" are present that would justify abstention. *Colorado River*, 424 U.S at 818-19. The Supreme Court set forth four such factors: (1) whether the state court has assumed jurisdiction over the property at issue; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent fora. *Id.* "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Id.* In subsequent cases, the Supreme Court has identified at least four additional factors to be weighed: (1) the source of governing law, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983); (2) the adequacy of the state court action to protect the federal plaintiff's rights, *id.* at 26-28; (3) the relative progress of the state and federal proceedings, *id.* at 21-23; and (4) the presence or absence of concurrent jurisdiction, *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666 (1978). The Seventh Circuit has also given weight to such

factors as the availability of removal, *Microsoftware Computer Sys., Inc.*, 686 F.2d at 537, and the vexatious or contrived nature of the federal claim, *Am. Mut. Reinsurance Co.*, 600 F.2d at 1234, noted with approval in *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 17, n.20; *see generally, Lumen Constr. Co.*, 780 F.2d at 694-95.

The first factor, whether the state court has assumed jurisdiction over the property at issue, appears to weigh in favor of abstention. Although the State Action formally seeks relief only against the real property covered by the Mortgages, the Mortgages also expressly grant U.S. Bank a security interest in the Collateral that is the subject of the Federal Action. (*See* Mortgages at 1 ("In addition, [EMC] grants to [U.S. Bank] a Uniform Commercial Code security interest in the Personal Property [defined to include essentially the same personal property as the Collateral]. . . ."); *Id.* at 2 ("The word 'Mortgage' means this Mortgage between [EMC] and [U.S. Bank], and includes without limitation all assignments and security interest provisions relating to the Personal Property. . . ."); *Id.* ("This Mortgage, including . . . the security interest in the . . . Personal Property, is given to secure payment of the Indebtedness. . . ."); *Id.* at 6 ("This instrument shall constitute a security agreement to the extent any of the Property constitutes fixtures of other personal property. . . .").) Given the expansive reach of the security interests granted in the Mortgages - covering, as they do,

both the real and personal property of EMC – the state court, in assuming jurisdiction over the real property, can be considered to have implicitly taken jurisdiction over the Collateral, as well. After all, the "Personal Property" identified in the Mortgages is defined to include "all equipment, fixtures, and other articles of person property now or hereafter owned by [EMC], and now or hereafter attached or affixed to the Real Property. . . ." (Mortgages at 2.) The State Action will involve interpretation of the terms and conditions of the Promissory Notes and Mortgages, as well as the crucial determination whether EMC is in breach and whether U.S. Bank is entitled to relief under those contracts. The first factor, therefore, appears to favor abstention.

The second factor is the inconvenience of the federal forum. Both parties concede that any inconvenience would be the same whether the action was pending in federal or state court. It thus weighs neither for nor against abstention.

The third factor is the desirability of avoiding piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines, Inc.*, 862 F.2d 652, 659 (7th Cir. 1988)(internal quotation marks omitted); *see Midwest Dental Prod. Corp. v. Kinetic Instruments, Inc.*, 89 C 7289, 1990 WL 19973, at *7 (N.D. Ill. Feb. 23, 1990). Because the Federal Action and State Action involve substantially the same

parties and substantially the same issues, there is a great danger of piecemeal litigation. Simultaneously litigating the factual and legal questions surrounding EMC's alleged breach of contract and U.S. Bank's entitlement to relief risks "duplicative and wasteful litigation with the potential of inconsistent resolutions of the issue[s]" in these cases, and would create an unseemly incentive for the parties to delay in the forum which appears less favorable to it in order to take advantage of the collateral estoppel effects of the other. *See Caminiti and Iatarola, Ltd.*, 962 F.2d at 701; *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). Accordingly, this factor weighs heavily in favor of abstention.

The fourth factor, the order in which jurisdiction was obtained by the concurrent fora, similarly weighs in favor of abstention. The State Action was filed in October 2002, whereas the Federal Action was filed in July 2003, mere weeks before the state court was to rule on the summary judgment motions filed in the State Action.

The fifth factor, the source of governing law, also counsels in favor of abstention insofar as there is no issue of federal law raised in the Federal Action. The Seventh Circuit has made it clear that district courts "are not free to treat the diversity litigant as a second-class litigant . . . [by] allow[ing] a weaker showing of judicial economy to justify abstention in a diversity

than in a federal question case." *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir. 1982). However, "the absence of federal issues removes one countervailing factor which might otherwise override the concerns of avoiding piecemeal litigation." *J.I.K. Realty Co., Inc.*, 1989 WL 165114, at *6 (internal quotation marks omitted); *cf. Microsoftware Computer Sys., Inc.*, 686 F.2d at 531 (court may consider abstention where there is no "peculiarly federal interest" rendering federal court action preferable to state action.) Here, the absence of a federal question in the Federal Action, when considered along with all of the other *Colorado River* factors (and particularly factor three), militates in favor of abstention.

The sixth factor is the adequacy of the state court to protect this federal plaintiff's rights. Despite U.S. Bank's protestations, this factor does not affect the balance. Although U.S. Bank has chosen to seek a different form of relief in this Court - *viz.*, the Federal Action seeks an order of replevin and an injunction against the Collateral, whereas the State Action seeks a money judgment and foreclosure against the real property covered by the Mortgages - each action nonetheless turns on the very same predicate questions of fact and law (*i.e.*, has EMC defaulted under the Promissory Notes and does that breach give rise to a remedy?). Those issues can just as effectively be resolved in the state court as here. U.S. Bank would appear free either to seek a remedy

against the Collateral in the State Action by supplementing its prayer for relief in its state court complaint, *see Droen v. Wechsler*, 648 N.E.2d 981, 984 (Ill. App. 1995)("A circuit court abuses its discretion if it refuses to allow a plaintiff to amend his complaint when a cause of action can be stated if the complaint is amended."); 735 ILCS § 5/2-616, or "[f]ollowing resolution of the state court action [U.S. Bank] could move to lift the stay and pursue this action further, subject to applicable principles of res judicata and collateral estoppel," *Spizzirri v. Mortgage Elec. Registration Sys., Inc.*, 03 C 2000, 2003 WL 21640468, at *3 (N.D. Ill., July 11, 2003)(quoting *Starr v. Levin*, 02 C 2258, 2002 WL 1941375, at *5 (N.D. Ill. Aug. 21, 2002)). On balance, the Court holds that this sixth factor is neutral at best.

The seventh factor, the relative progress of the two cases, points toward abstention. This factor favors the court whose proceedings are furthest advanced. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. The Supreme Court has stated that, among other factors to be weighed in the overall abstention calculus, district courts can take account of whether there has been an "absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." *Colorado River*, 424 U.S. at 820; *see Spizzirri*, 2003 WL 21640468, at *3 (state action filed five months before federal action warranted stay where state action had summary judgment motion pending and federal action was

still in "formative stages"). Here, the state court is currently preparing to rule on summary judgment motions filed by three different parties in the State Action. This Court has only entertained pleadings at an initial level, including the Complaint and an associated Motion for Replevin, and the present Motion to Dismiss or Stay. The seventh factor therefore weighs in favor of abstention.

Neither party contests that the eighth and ninth factors, the availability of concurrent jurisdiction and removal, respectively, are not particularly relevant in this case. And while there is not enough information in the record to decide EMC's claim under factor ten (whether the Federal Action has been brought for vexatious or contrived purposes), the Court need not reach that question as enough of the *Colorado River* factors already strongly counsel in favor of abstention, and not one factor counsels against it. When all of the factors are considered together, it is evident that the "exceptional circumstances" envisioned by the *Colorado River* Court are present in this case and that abstention is the appropriate outcome.

Although *Colorado River* itself involved an order of dismissal, the Supreme Court has reserved the question of whether a stay or dismissal is the appropriate procedure for abstention. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28; *San Carlos Apache Tribe*, 463 U.S. at 570 n.21. However, the Seventh Circuit has consistently

still in "formative stages"). Here, the state court is currently preparing to rule on summary judgment motions filed by three different parties in the State Action. This Court has only entertained pleadings at an initial level, including the Complaint and an associated Motion for Replevin, and the present Motion to Dismiss or Stay. The seventh factor therefore weighs in favor of abstention.

Neither party contests that the eighth and ninth factors, the availability of concurrent jurisdiction and removal, respectively, are not particularly relevant in this case. And while there is not enough information in the record to decide EMC's claim under factor ten (whether the Federal Action has been brought for vexatious or contrived purposes), the Court need not reach that question as enough of the *Colorado River* factors already strongly counsel in favor of abstention, and not one factor counsels against it. When all of the factors are considered together, it is evident that the "exceptional circumstances" envisioned by the *Colorado River* Court are present in this case and that abstention is the appropriate outcome.

Although *Colorado River* itself involved an order of dismissal, the Supreme Court has reserved the question of whether a stay or dismissal is the appropriate procedure for abstention. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28; *San Carlos Apache Tribe*, 463 U.S. at 570 n.21. However, the Seventh Circuit has consistently

held that abstention is properly implemented through a stay, rather than through dismissal. *See LaDuke*, 879 F.2d at 1561-62; *Lumen Constr., Inc.*, 780 F.2d at 697-98; *Evans Transp. Co.*, 693 F.2d at 717-18. Accordingly, the Court grants EMC's Motion to Stay this action pending final resolution of the State Action.

### CONCLUSION

For the foregoing reasons, EMC-Lincolnshire's Motion to Dismiss is **DENIED,** but its Motion to Stay is **GRANTED**. Accordingly, this action is **STAYED** pending final resolution of the parallel state action currently pending in Illinois state court in the 19th Judicial Circuit in Lake County under the caption *U.S. Bank Nat'l Assoc. v. EMC-Lincolnshire, LLC*, case number 02-CH-1813.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: August 28, 2003